# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| ABBY G. JONES,<br><br>        Plaintiff,<br><br>vs.<br><br>MONTANA STATE UNIVERSITY<br>and CHRISTINA Z. ANDERSON,<br><br>        Defendants. | CV 26-25-BU-WWM<br><br><br>ORDER DENYING<br>PRELIMINARY INJUNCTION |

Plaintiff Jones, proceeding *pro se*, filed a Complaint on March 17, 2026, and has been authorized to proceed *in forma pauperis*. (Docs. 2 and 4). Pursuant to the Court's Screening Order, which includes relevant factual information not repeated here, Jones has the opportunity to amend her Complaint. (Doc. 5). Still pending before the Court, however, is the Motion for Expedited Preliminary Injunction (Doc. 3), filed March 17, 2026. In her Motion, Jones states her requested relief as follows:

A.   Issue an Expedited Preliminary Injunction immediately restoring Plaintiff's good academic standing and preventing enforcement of any grade, academic penalty, or disciplinary measure related to the disputed demands for private information;

B.   Order Defendants to refrain from any retaliatory actions against Plaintiff pending final resolution of this case;

C.  Direct Montana State University to preserve all records, communications, and evidence relevant to the events described [in the Complaint];

D.  Upon final judgment, declare that Defendants' conduct violated Plaintiff's constitutional rights;

E.  Award compensatory and punitive damages where permitted by law; and

F.  Grant any additional relief the Court deems just and proper, including conversion of the preliminary injunction into a permanent injunction at trial.

(Doc. 3 at 2). Jones includes four sentences under the subheading "BASIS FOR INJUNCTIVE RELIEF," stating that she has a "substantial likelihood of success on the merits of her constitutional claims under 42 U.S.C. § 1983," that she "will suffer irreparable harm in the absence of immediate Court intervention, including permanent damage to her academic record, delay or loss of her United States Air Force commission, and ongoing emotional and reputational injury." Jones further alleges that the balance of equities "weighs heavily" in her favor, "as the requested injunction seeks only to preserve the status quo and prevent further harm from unconstitutional actions," and that the public interest "strongly favors protecting constitutional rights and ensuring fair academic procedures by state institutions." (Doc. 3 at 1-2). Jones points this Court to her Complaint for "supporting factual allegations." *Id.* at 1.

## I.    Injunctive Relief Analysis

### A.    The preliminary injunction standard is not met.

Jones believes a preliminary injunction will serve to immediately restore her good academic standing and prevent "enforcement of any grade, academic penalty, or disciplinary measure." (Doc. 2-1 at 23).  Yet, as Jones admits, her failing grade from Professor Anderson was final before she filed any action in this Court. (Doc. 2 at 3).

The function of a preliminary injunction is to maintain the *status quo ante litem* pending a determination of the action on the merits.  *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1024 (9th Cir. 2016).  "'Status quo ante litem' refers to 'the last uncontested status preceding the commencement of the controversy.'" *Id.* (quoting *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000)).  A plaintiff seeking a preliminary injunction must establish that she is (1) likely to succeed on the merits and (2) likely to suffer irreparable harm in the absence of preliminary relief.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *accord Chamber of Com. of the U.S. v. Bonta*, 62 F.4th 473, 481 (9th Cir. 2023).  If she can meet those burdens, she must also demonstrate that the balance of equities tips in her favor and that an injunction is in the public interest. *Id.*  While district courts "must consider" all four *Winter* factors, proof of the likelihood of success on the merits is a threshold inquiry and the most important.

*Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023); *Vivid Ent., LLC v. Fielding*, 774 F.3d 566, 577 (9th Cir. 2014).

Beyond merely restating the *Winter* factors in her motion, Jones does little to meet the high preliminary injunction standard. *Winter*, 555 U.S. at 22 (injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief"). The threshold issue—likelihood of success on the merits—is addressed in a purely conclusory manner. (Doc. 3 at 1). Jones then states she will suffer irreparable harm "in the absence of immediate Court intervention" because she will incur "permanent damage to her academic record, delay or loss of her United States Air Force commission, and ongoing emotional and reputational injury." *Id.* at 2. The Complaint states that Jones' final grade in Professor Anderson's class "threatens her ability to graduate and commission as an officer in the United States Air Force on 8 May 2026." (Doc. 2 at 3). Yet, neither the Complaint nor the motion contain facts supporting how Jones' reputation is threatened or how a failing grade in one class would derail her opportunity to commission in May or the near future. Jones next states that the balance of equities weighs heavily in her favor, "as the requested injunction seeks only to preserve the status quo" and prevent future harms to her constitutional rights. (Doc. 3 at 2). Since her grade is already final, the *status quo* would be maintained by preserving the failing grade, not changing it. This issue is taken up

4

in greater detail, below. Finally, Jones claims the public interest strongly favors protecting her constitutional rights, which is correct. *See Baird*, 81 F.4th at 1040 ("it is 'always in the public interest to prevent the violation of a party's constitutional rights'") (quoting *Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 731 (9th Cir. 2022)). As noted in the Screening Order, the pleading filed by Jones does not contain a legally viable cause of action. There is no basis for the Court to conclude that she is likely to succeed on the merits, which precludes injunctive relief.

B.    The mandatory injunction standard is not met.

Addressed somewhat, above, is the issue that Plaintiff's grade was finalized before she filed suit, meaning that maintaining the *status quo* would result in the failing grade being preserved until final resolution of this action. This is obviously not the remedy Jones seeks. Instead, Jones states that she wants this Court to "[o]rder that [her] academic record accurately reflect her performance" and "that the contested grade be excused from her record" and issue an injunction "immediately restoring [her] good academic standing and preventing enforcement of any grade, academic penalty, or disciplinary measure related to the disputed demands for private information." (Docs. 2 at 1 and 2-1 at 23).[1]

---

[1] In her motion for preliminary injunction, Jones recasts her request as one to "enjoin Defendants from enforcing or maintaining an academic penalty arising from unconstitutional and coercive demands." (Doc. 3-1). Using the word "enjoin" does not convert her demand into one seeking a

A mandatory injunction, rather than a prohibitory injunction, is appropriate in cases where the plaintiff does not seek to maintain the *status quo* but, rather, requests the court to order "a responsible party to take action." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). To obtain a mandatory injunction, a plaintiff must show that the "law and facts *clearly favor* her position, not simply that she is likely to succeed." *Garcia*, 786 F.3d at 740 (emphasis in original). The standard for a mandatory injunction is, therefore, "doubly demanding" and such injunctions are "particularly disfavored." *Id.* (quoting *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994)).

## II.    Conclusion

Due to the requested relief, the Court concludes that what Jones actually demands is a mandatory injunction requiring MSU to enter a final grade other than the one she received. Jones has not met the preliminary injunction standard at this time. She cannot meet the heightened mandatory injunction standard on the same facts. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Expedited Preliminary Injunction is DENIED.

---

prohibitory injunction. She is not attempting to get the Court to order the University to refrain from acting; she wants an order that requires the University to act.

DATED this 24th day of March, 2026.

_____
WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE

7